UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CR-61(01)RM |
| | ) | |
| STEVEN A. MORSE | ) | |

OPINION and ORDER

Steven Morse was sentenced on November 2, 2004 to a term of 37 months after pleading guilty to possession of 5.46 grams of pseudoephedrine and ethyl ether for the manufacture of methamphetamine in violation of 21 U.S.C. § 841(c)(1). Mr. Morse is now before the court seeking modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes courts to reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."

Mr. Morse's sentencing range was calculated using the 2004 version of the Sentencing Guidelines, which establishes a base offense level of 20 for offenses involving at least 4 grams but less than 6 grams of pseudoephedrine, U.S.S.G. § 2D1.11(d)(10), and provides for a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). Mr. Morse's final offense level of 17, coupled with his eight criminal history points, resulted in a sentencing range of 37-46 months. U.S.S.G. § 5A. Mr. Morse hasn't argued that the applicable sentencing range has been lowered by the Sentencing Commission;

instead, he claims that "all the guideline ranges have been 'subsequently lowered' by virtue of the Booker decision" and that "18 U.S.C. § 3582(c)(2) allows the Honorable Court to impose a lower sentence without regard to the 'now advisory' guideline range." Mot., at 1-2.

18 U.S.C. § 3582(c)(2) authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law. And while a challenge to a sentence based on United States v. Booker, 125 S. Ct. 738 (2005), would be proper under 28 U.S.C. § 2255, the Booker decision has been held to not apply retroactively to cases on collateral review. *See* McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

Mr. Morse's belief that "the old guidelines . . . were unfair at the time [he] was sentenced" is insufficient to justify a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), and, accordingly, his motion for reduction of sentence [docket # 137] is DENIED.

SO ORDERED.

ENTERED:   August 16, 2005

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court